IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLAUDE E. BROWN,

       Plaintiff,

v.                                          Civil Action No. 5:07CV54
                                                        (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Claude E. Brown, filed an application on September 29, 2003, for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  In the application, the plaintiff alleged disability since May 4, 2003, due to diabetes, high blood pressure, and a heart attack.

The state agency denied the plaintiff's application initially and on reconsideration.  The plaintiff requested a hearing, and a hearing before Administrative Law Judge ("ALJ") Douglas N. Jones was held on March 2, 2005.  The plaintiff, represented by counsel, testified on his own behalf.  Vocational Expert ("VE") J. Herbert Pearis also testified at the hearing.  On June 2, 2005, the ALJ issued a decision finding that the plaintiff was not disabled because he could perform his past relevant work.  The Appeals Council denied the plaintiff's request for review on March 27,

2007, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff filed a motion for judgment on the pleadings, or, in the alternative, a motion for remand for consideration of new evidence. The defendant filed a motion for summary judgment. Magistrate Judge Kaull considered the plaintiff's and the defendant's motions and submitted a report and recommendation. In his report, the magistrate judge recommended that the defendant's motion for summary judgment be denied and the plaintiff's motion for judgment on the pleadings, or, in the alternative, motion for remand for consideration of new evidence be granted in part by a remand to the Commissioner.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a _de novo_ review of those portions of the magistrate judge's findings to which objection is made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to _de novo_ review is waived.  See _Webb v. Califano_, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III.  Discussion

In his motion for judgment on the pleadings, or, in the alternative, motion for remand for consideration of new evidence, the plaintiff argues that: (a) the ALJ failed to properly evaluate the claimant's testimony concerning the intensity, duration and limiting effect of his symptoms of pain; (b) the ALJ erred as a matter of law in rejecting the opinion and assessment of the claimant's treating physician; and (c) the ALJ erred in finding that claimant could perform his past relevant work based on a hypothetical to the vocational expert.  Alternatively, the plaintiff argues that the decision of the Commissioner should be remanded for consideration of new and material evidence.  The Commissioner contends that the plaintiff's arguments are without

merit and that substantial evidence supports the ALJ's finding that the plaintiff retained the residual functional capacity to perform light work with modifications. Additionally, the Commissioner contends that the new evidence is not material to the relevant period and does not warrant remand.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A.   Credibility of the Claimant's Testimony Regarding Pain

The plaintiff argues that the Commissioner failed to properly evaluate his testimony regarding the intensity, duration and limiting effects of his symptoms. Magistrate Judge Kaull agreed with the plaintiff's arguments. This finding is not clearly erroneous.

The Fourth Circuit stated the standard for evaluating the claimant's subjective complaints in Craig v. Chater, 76 F.3d 585

(4th Cir. 1996). Under <u>Craig</u>, when a claimant alleges a disability stemming from subjective symptoms, he must first show the existence of a medically determinable impairment that could cause the symptoms alleged. <u>Id.</u> at 594. The ALJ must "expressly consider" whether a claimant has such an impairment. <u>Id.</u> at 596. If the claimant makes this showing, the ALJ must consider all of the evidence, including the claimant's statements about his symptoms, in determining whether the claimant is disabled. <u>Id.</u> at 595.

While the ALJ must consider the claimant's statements, he need not credit them to the extent they are inconsistent with the objective medical evidence or to the extent that the underlying objective medical impairment could not reasonably be expected to cause the symptoms alleged. <u>Id.</u> However, subjective symptoms "may not be dismissed merely because objective evidence of the pain itself . . . are not present to corroborate the existence of pain." <u>Id.</u>

The magistrate judge found that the ALJ did meet the first, threshold step, as well as evaluated all the evidence available to him at the time of the decision. Nevertheless, the magistrate judge found that the evidence, in conjunction with that new evidence submitted to the Appeals Council, does not support the Commissioner's decision that the plaintiff was not disabled.

Under 20 C.F.R. § 404.970(b), the Appeals Council shall consider evidence submitted with a request for review if the

evidence is new, material, and relates to the period on or before the date of the ALJ's decision. Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. <u>Wilkins v. Sec'y, Dept. of Health and Human Servs.</u>, 953 F.2d 93, 96 (4th Cir. 1991). Although the Appeals Council stated that it did consider the evidence submitted by the plaintiff, it found that the evidence did not create a basis to change the ALJ's decision, without any further explanation.

The magistrate judge reviewed evidence submitted to both the Appeals Council and received by the ALJ and found that substantial evidence does not support the ALJ's finding that the plaintiff's complaints of pain and limitation were not credible. Specifically, prior to the hearing before the ALJ, the plaintiff told Dr. Bennett that he experienced difficulty breathing, left hand numbness and tingling, right hand pain, asthma, carpal tunnel syndrome, shortness of breath and chest pain. Yet, the ALJ found no left hand impairment or breathing impairment and dismissed all complaints of chest pain.

Three months after the hearing, Joe Pack, D.O. completed a consultative evaluation of plaintiff's left hand, diagnosing "left hand pain, unknown etiology with some stiffness, possible connective tissue vs. rheumatological process." On October 17, 2005, Dr. Bennett stated that the plaintiff could not "sustain exertion greater than a few minutes" due to diabetes and a

myocardial infraction. She stated further that he experienced pain in his hand due to a partial right hand amputation, suffered arthritis in his left hand, would need lifetime treatment for hyperlipidemia, and had coronary artery disease, asthma, and osteoarthritis. Dr. Bennett concluded that the plaintiff was disabled.

A licensed psychologist completed a psychological examination on the plaintiff on November 18, 2005, and noted that his pace on tests were slower due to arthritis and amputation.

The plaintiff then visited a cardiologist on May 31, 2006, who stated that the plaintiff's heart sounds were muffled by COPD, his stress test showed inferoapical ischemia with an injection of fifty percent, and his EKG showed a normal sinus rhythm, "LVH by voltage, <u>old inferior MI</u>." (R. 412)(emphasis added).

In September 2006, the plaintiff was hospitalized for approximately one week, at which time he was diagnosed with diabetic ketoacidosis, acute sinusitis, hyperkalemia with EKG change on admission, prerenal azotemia, and history of coronary artery disease and hyperlipidemia. When the plaintiff transferred from the Pocahontas Hospital to Allegheny Regional Hospital, his "glucose was quite high," his x-ray showed COPD, and an EKG showed mild sinus tachycardia and normal T-waves.

Despite all of this evidence, however, the ALJ found that plaintiff had no problems with his left hand, no breathing

impairments, that plaintiff's diabetes was controlled with treatment, and that there was no evidence of a heart attack. Without finding these impairments, the ALJ could not have considered these impairments throughout his decision. Because substantial evidence provided to the Appeals Council indicates that the plaintiff had a medically-determinable breathing impairment, as well as a medically-determinable left hand impairment, that he suffered a heart attack and that his diabetes was not controlled as evidenced by his hospitalization, the ALJ failed to properly evaluate the claimant's testimony concerning the intensity, duration and limiting effect of his symptoms of pain. Accordingly, there is no clear error in the magistrate judge's finding that substantial evidence fails to support the ALJ's treatment of the claimant's testimony regarding his pain.

B.  Opinion of Claimant's Treating Physician

The plaintiff next argues that the ALJ erred as a matter of law in rejecting the opinion and assessment of the claimant's treating physician, Dr. Bennett.  The ALJ gave Dr. Bennett's opinion little weight, if any, "because it is unsupported by objective clinical findings or test results, by a clear medical rationale, or by Dr. Bennett's own records which note that the claimant has few complaints, generally feels well overall, and can control his diabetes when he follows prescribed treatment.  The claimant obtains narcotic medication for complaints of right hand

8

pain, but his right hand injury occurred in 1977 and he was able to work for 25 years despite that injury." Magistrate Judge Kaull concluded that the plaintiff's argument on this point is with merit because the ALJ's finding is not supported by the evidence. This conclusion is not clearly erroneous.

The opinion of a treating physician is entitled to controlling weight when, among other things, the treating source's medical opinion is well-supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the claimant's case record. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion should be accorded significantly less weight if it is not supported by clinical evidence or if it is found to be inconsistent with other substantial evidence. Craig v. Chater, 76 F.3d at 590.

In this case, Dr. Bennett stated that the plaintiff was disabled due to longstanding, poorly controlled diabetes, a history of heart attack, traumatic amputation with sporadic pain, hyperlipidemia, and osteoarthritis. The magistrate judge found that the submitted evidence, including that evidence submitted to the Appeals Council, demonstrates that plaintiff suffered a heart attack, had diagnosed left hand pain, diagnosed COPD and asthma, and was hospitalized for poorly controlled diabetes. Furthermore, although a physician's opinion "may be disregarded only if persuasive contradictory evidence exists to rebut it," the

magistrate judge found that no such contradictory evidence exists. <u>Craig</u>, 76 F. 3d at 589. Accordingly, there is no clear error in the magistrate judge's finding that the ALJ's decision to accord reduced, if any, weight, to Dr. Bennett's opinion is not supported by the evidence.

C. <u>ALJ's Hypothetical to the Vocational Expert</u>

Finally, the plaintiff argues that the ALJ erred in finding that he could perform his past relevant work. Specifically, the plaintiff contends that the testimony of the vocational expert should not be relied upon in making a decision because the expert was not clear on the issue of whether the plaintiff could perform his past relevant work. Magistrate Judge Kaull found that because he had already found the ALJ's credibility and RFC determinations to be unsupported by substantial evidence, it necessarily followed that the ALJ's reliance on the vocational expert's response is also not supported by substantial evidence. This finding is not clearly erroneous.

D. <u>New and Material Evidence</u>

In his recommendation, Magistrate Judge Kaull did not address the plaintiff's claim that new evidence submitted to the Court provides the basis for remand because he already found that this case should be remanded to the Commissioner based on new evidence provided to the Appeals Council. This finding is not clearly erroneous.

## IV.  Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED and that the plaintiff's motion for judgment on the pleadings, or, in the alternative, motion for remand for consideration of new evidence be GRANTED IN PART with a REMAND to the Commissioner for further proceedings consistent with this opinion and the report and recommendation of the magistrate judge. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 4, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE